UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UDE OFURU ELIJAH,                                    Case No.: 13-cv-0114 (RRM)(JMA)

                                                        **FIRST**
                    Plaintiff,                    **AMENDED COMPLAINT**

          -against-
                                                     JURY DEMAND

THE CITY OF NEW YORK,
KEVIN NOSWORTHY (TAX ID # 949404),
MICHAEL QWYER (TAX ID # 920242),
JUAN CABRERA (TAX ID # 948314),
ANNAND NARAYAN (TAX ID # 947214), and
JANE DOE, the name of the last defendant being
Fictitious, her true name being unknown to the
Plaintiff.


                    Defendants.
-------------------------------------------------------------------X

Plaintiff, UDE OFURU ELIJAH, by his attorney, The Law Offices of Osondu Anyadike,
Pllc., complaining of the defendants herein, The City of New York, Kevin Nosworthy,
Michael Dwyer, Juan Cabrera, and Annand Narayan, respectfully alleges as follows:

## NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to the

          plaintiff under color of statute, ordinance, regulation, custom, and/or to

          redress the deprivation of rights, privileges, and immunities secured to the

          plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution

          of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising

          under the law and statutes of the City and State of New York].

## JURISDICTION

2.        The jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983,

          28 U.S.C. Section 1343, 28 U.S.C. Section 1331 and 28 U.S.C. Section

          1367, and under the Fourth, Fifth, and Fourteenth Amendments to the United

          States Constitution.

3.       As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

THE PARTIES

4.       Plaintiff was at all times material herein a resident of the United States, of the State of New York and a cab driver.

5.       At all relevant times, Kevin Nosworthy, Michael Dwyer, Juan Cabrera, and Annand Narayan, (hereinafter "defendant officers") were, upon information and belief, and still are, agents and or police officers employed by defendant City of New York.

6.       At all times relevant herein, Defendant Jane Doe, whose identity remains unknown to plaintiff, was upon information and belief, the Complaining Witness who conspired with, instigated and/or collaborated with defendant officers on or about 1/8/12, to do all the acts complained of herein.

7.       At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

8.       At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers; the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

9.       Plaintiff is suing defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.      On or about January 8, 2012, at about 4:00 p.m., plaintiff was driving in Brooklyn when he heard a telephone ring in his car, and upon search the

plaintiff discovered that a passenger's cell phone had apparently fallen in between the car seats.

11. Plaintiff tried to answer the 'phone but could not decipher how to press the right answering button; plaintiff later deciphered how to answer the phone and at about 6:00 pm when the phone rang again a lady's voice (Jane Doe) that sounded on the other end claimed to be the owner of the phone, said to have dropped down in plaintiff's car.

12. Plaintiff, however, gave his home address to Jane Doe to come and pick up the phone, but Jane Doe, after agreeing to do so, changed her mind and urged plaintiff to rather bring it all the way to her address, undertaking to pay plaintiff for that effort.

13. On plaintiff getting close to Jane Doe's home address, said to be 869 Thomas Boyland, between Newport and Lotts Avenue, Brooklyn, New York, Jane Doe directed plaintiff to change his direction and head to a new address at Rockaway Avenue/Livonia Avenue, Brooklyn.

14. When Plaintiff objected as Jane Doe was not willing to pay an addition of $5 (to the initial $15) charged by plaintiff for the change in direction, Jane Doe asked plaintiff to proceed to the original address and plaintiff did.

15. When plaintiff arrived at the address his cab was surrounded by about eight (8) gun-wielding defendant officers who without giving plaintiff any opportunity to explain himself, brutally pulled plaintiff out of his car in a most violent fashion and started hitting him all over his body.

16. One of the defendant officers snatched Jane Doe's cell phone from plaintiff and handed same over to Jane Doe as she stood by and watched while the defendant officers took their turn to forcefully twist and fling plaintiff's arms, and thoroughly pummeled his body before clipping a severely tight hand cuff on plaintiff's hands, refusing to ease the handcuff even as plaintiff's wrist hurt so badly that it started to swell.

17. Even after putting plaintiff in hand cuffs, the defendant officers forcefully and without any just cause continued to slam plaintiff's head on the vehicle's

door panel before pushing plaintiff into the waiting police car, took him to their police precinct 73rd and locked him up in the cell.

18.    After detaining the plaintiff, the defendant officers charged and prosecuted the plaintiff with alleged Criminal Possession of Stolen Property.

19.    The arrest of plaintiff by defendant officers was false and unlawful; the force used on plaintiff by the defendant officers during and after the arrest was excessive; said detention of the plaintiff was unlawful; and the prosecution of the plaintiff was malicious.

20.    Plaintiff sustained grievous bodily injury and pain, especially in his neck region, shoulders and his back as a result of the aforesaid acts of the defendant officers.

21.    As a proximate cause of defendants' arrest and prosecution of plaintiff, plaintiff lost his earning capacity as the processing of plaintiff's application to obtain a New York City TLC Driver's License was suspended, citing the criminal record caused by the foregoing factual situations.

22.    Finding no merit in the case against plaintiff the city dropped the charge against him and his prosecution was consequently discontinued.

23.    As a result the aforesaid action of Jane Doe and the defendant police officers, plaintiff also suffered emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

## FIRST CAUSE OF ACTION: FALSE ARREST

24.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

25.    The conduct of Jane Doe and the defendant officers, as described herein, was done without probable cause and amounted to false arrest.

26.    Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

27.        Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### SECOND CAUSE OF ACTION: USE OF EXCESSIVE FORCE

28.        By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

29.        The conduct of Jane Doe and the defendant officers, as described herein, amounted to an unwarranted use of excessive force.

30.        Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

31.        Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### THIRD CAUSE OF ACTION: UNLAWFUL DETENTION

32.        By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

33.        The conduct of Jane Doe and the defendant officers, as described herein, amounted to an unlawful detention.

34.        Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

35.        Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION

36.        By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

37.        The conduct of Jane Doe and the defendant officers, as described herein, amounted to malicious prosecution.

38.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

39.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:</u>
<u>FAILURE TO TRAIN AND MUNICIPAL POLICY</u>

40.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

41.     Defendant City of New York, acting through the New York Police Department, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

42.     Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and the duty and or obligation of candor toward the court.

43.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, Defendant City of New York acted with deliberate indifference, and its

6

failure was a direct and proximate cause of plaintiff's injuries as described herein.

44.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

45.     The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

46.     Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

47.     The custom or practice of defendant City of New York of failing to properly train and/or supervise its Police Officers on the proper police conduct regarding arrest, detention and prosecution of suspects, enabled officers defendant police officers John Doe and Jane Doe of the same 73rd Police Precinct in the instant case, to without probable cause, target and arrest the plaintiff and fabricate evidence on which they falsely imprisoned and maliciously prosecuted and incarcerated him, leading up to the discontinuance of the prosecution.

48.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities

under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and the right to due process.

49.    By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

<u>SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 11 & 12</u>

50.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

51.    By reason of the foregoing, and by arresting, excessive use of force, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, harassing and assaulting him and depriving him of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

52.    In addition, defendant police officers conspired among themselves and conspired with Jane Doe and other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

53.    Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant police officers' acts were beyond the scope of their jurisdiction, without authority

8

of law, and in abuse of their powers. Defendant police officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution.

54.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.    For compensatory damages against all defendants in an amount to be proven at trial;

b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.    For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       May 15, 2013.

ANYADIKE OSONDU, PLLC

Osondu Anyadike (OA-0006)
Attorney for Plaintiff
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
Tel: (347) 543-1626
Fax: 718-858-2489

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

UDE OFURU ELIJAH,                                    Case No.: 13-cv-0114 (RRM)(JMA)

                                                                        **FIRST**
                                    Plaintiff,             **AMENDED COMPLAINT**

              -against-

THE CITY OF NEW YORK,
KEVIN NOSWORTHY (TAX ID # 949404),
MICHAEL QWYER (TAX ID # 920242),
JUAN CABRERA (TAX ID # 948314),
ANNAND NARAYAN (TAX ID # 947214), and
JANE DOE, the name of the last defendant being
Fictitious, her true name being unknown to the
Plaintiff.

                                    Defendants.

---

**FIRST AMENDED COMPLAINT**

---

LAW OFFICES OF OSONDU ANYADIKE, PLLC
Attorney for Plaintiff
303 Livingston Street, 2nd Flr
Brooklyn, New York, NY 11217
Tel: 347-543-1626; Fax: 718-858-2489
Email: oodyke@yahoo.com

---

To Defendants Attorney:
                Michael Cardozo
                Corporation Counsel
                City of New York Law Dept
                100 Church Street, New York

---

Service of a copy of the within- named is hereby admitted

Dated:

Attorneys for: